REGAN, Judge.
I concur in the conclusions reached by the majority opinion and in the reasoning which supports them, however, I am compelled to judicially observe the ramifications of the “rule” relating to witnesses which motivated the dissent and, therefore, I wish to say an extra word.
The “rule” -properly interpreted and applied creates a rather fair presumption, even though ■ in most instances the presumption is of a vague negative nature; as so appliedj it is not my purpose to censure or even discuss it.
However the “rule”, the only subject of the dissent, has been taken upon the judicial anvil and hammered into an unexpected shape — a shape that even the legal smithy of “stare decisis” is inadequate to fashion or forge a fit therefor.
The rule, as discussed, interpreted and applied in the dissent, could, if it became the law of the realm, result in interminable trials in the courts, a qua, and, instead of serving the ends of justice, would actually defeat that noble objective. The causp of justice encompasses the defendant as well as the plaintiff.
In the last analysis, the dissent, in the absence of an analogous compelling decision of the Supreme Court, places undue servitude on the bondage, of precedent in order to facilitate the application of a general rule to specific facts and environmental case, characteristics that it was never intended to cover; furthermore, the effective and proper application of the “rule” requires discrimination in the use of expository authorities.
This case affords a classic example of why, in my opinion, the courts should always reserve unto themselves a broad latitude for the individualization of each case in conformity with the true civil law concept (the majority opinion is an example thereof), as distinguished from the common law technique of reverently looking backwards — such as “a surveyor running a line by stakes behind him.” Legal history reveals that strict adherence to this philosophy has been the cause of judicial decisions becoming, in the words of the late Walter -Clark, Chief Justice of the Supreme Court of North Carolina, “as petrified as the laws of the Medes and Persians, or the mummies which rest beneath the Egyptian pyramids.” Of course, the foregoing expostulation is not intended to apply to the uniform stability of the rule affecting property rights.